**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN ACEVEDO HERNANDEZ, | No. 12-72930 |
| Petitioner, | Agency No. A094-305-115 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Ivan Acevedo Hernandez, native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We deny in part and dismiss in part the petition for review.

In his opening brief, Acevedo Hernandez fails to raise, and therefore waives, any challenge to the agency's dispositive determinations that he is removable, that he does not qualify for asylum, withholding of removal, or CAT relief, and that he was afforded a full and fair hearing.  *See Rizk v. Holder,* 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

We lack jurisdiction to consider Acevedo Hernandez's contention that he is eligible for cancellation of removal, because he failed to exhaust this claim before the BIA.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Finally, our review is limited to the administrative record and thus we do not consider materials included with Acevedo Hernandez's opening brief that were not available to the agency.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**